UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHANIE J. QUINN,

                                                           Plaintiff,

  -v.-                                                             1:05-CV-0169
                                                                              (LEK/RFT)
NYS OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE;
MICHAEL RUSSO, Manager,

                                                           Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

    Currently before the Court is a Motion for judgment on the pleadings file by Defendants New York State Office of Temporary and Disability Assistance and Michael Russo (hereinafter "Defendants" or "OTDA"). Dkt. No. 13.

### I. Background

    On February 7, 2005, Plaintiff Stephanie J. Quinn ("Plaintiff" or "Quinn") filed a Complaint alleging gender-based discrimination and harassment, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff's claims stem from her employment with ODTA. Specifically, her Complaint alleges one incident, at a company Christmas Party on December 13, 2002, in which Mr. Russo, an ODTA employee, approached Plaintiff, introduced himself, and implied that she could gain a higher paying job by having sexual relations with him. Plaintiff alleges that she told Mr. Russo to get back to her regarding the job, but she never heard from him again. Plaintiff does not allege any impact in her job conditions or the terms of her employment from this incident.

---

[1] For printed publication by the Federal Reporters.

Plaintiff's Complaint indicates that, after some delay, she reported the incident to her union. Plaintiff has not reported any retribution or other negative actions since that time.

## II. Discussion

A.  Standard of Review under Rule 12(c)

The standard for granting a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is identical to that of a motion to dismiss for failure to state a claim under Rule 12(b)(6). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). Accordingly, for the purposes of this Motion, all the factual allegations in the Complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor. Rolon v. Henneman,- F.3d-, 2008 WL 482468, at *1 (2d Cir. Feb. 25, 2008). In deciding this <otion, no matters outside the pleadings can be considered. Cleveland v. Caplaw Enterprises, 446 F.3d 518, 521 (2d Cir. 2006).

In evaluating a motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, a court must treat the facts pled by the plaintiff as true. The facts alleged "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). See also Goldstein v. Pataki, -F.3d-, No. 07-2537-cv, 2008 WL 269100, at *4 (2d Cir. Feb. 1, 2008) (dismissing a constitutional claim for failing to make factual allegations which raise a right to relief above the speculative level); Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 127 S. Ct. at 1965, to say that "a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion.").

B.     Claims against Michael Russo

There is no Title VII liability against an individual supervisor or other agent of the employer. Woods v. Ruffino, 8 Fed. App'x. 41, 42 (2d Cir. 2001) (summary order); Tomka v. Seiler Corp., 66 F.3d 1295, 1312-13 (2d Cir. 1995), *abrogated on other grounds by* Burlington Indus. Inc. v. Ellerth, 5234 U.S. 742 (1998). As Plaintiff has only asserted claims under Title VII, her claim against Russo must be dismissed.

C.     Claims Against OTDA

"Sexual harassment is actionable under Title VII only if it is "so 'severe or pervasive' as to 'alter the conditions of [the victim's] employment and create an abusive working environment.'" Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270 (2001) (quoting Faragher v. Boca Raton, 524 U.S. 775, 786 (1998) (other citations omitted)). "[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment," as is necessary to be actionable under Title VII. Id. (quoting Faragher, 524 U.S. at 788). See also Williams v. County of Westchester, 171 F.3d 98, 100 (2d Cir. 1999) (holding that, to meet his or her burden, the plaintiff must show "more than a few isolated incidents"). As the foregoing discussion shows, Plaintiff's allegations do not meet this burden.

The Equal Employment Opportunity Commission guidelines, while not binding on the Court, are helpful in determining what conduct constitutes sexual harassment under Title VII.

> (a) Harassment on the basis of sex is a violation of § 703 of Title VII. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or

3

offensive working environment.

29 C.F.R. § 1604.11.  Plaintiff's allegations do not constitute sexual harassment under this definition.  Plaintiff's Complaint makes clear that she believed that there was an unwelcome sexual advance, but Plaintiff did not allege that her rejection of Russo's sexual advance affected the terms of her employment, led to any employment decision affecting her, or unreasonably interfered with her work performance or environment.

Additionally, Plaintiff has not asserted any basis for employer liability for Russo's unwelcome behavior.  When, as in this case, the harassment does not result in a tangible employment action, an employer can be "subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee."  Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 92 (2d Cir. 2002) (quoting Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998)).  If that standard is met, an employer may raise an affirmative defense to liability; that defense asserts "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative corrective opportunities provided by the employer or avoid harm otherwise."  Id. at 92-93.  However, in this case, Plaintiff has not alleged a tangible employment action or met her burden for showing sexual harassment absent such an action.  She has not alleged facts sufficient to comprise an actionable hostile environment, nor has she asserted that Russo had authority over her or that she could reasonably believe he had authority over her.  Additionally, Plaintiff has not alleged that she ever reported the incident to her employer, so that corrective action could be taken.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No.1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     March 17, 2008
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge